**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENEVILLE DIVISION**

|  |  |  |
|---|---|---|
| Rodercus Freeman, | ) ) ) ) ) ) | C/A No.: 6:20-cv-1067-RMG |
| Petitioner, | ) ) ) | **ORDER** |
| S.W. Phelps, | ) ) ) ) |  |
| Respondent. | ) ) |  |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 7) recommending the Court dismiss Petitioner's Complaint without prejudice and without requiring Respondent to file an answer or return. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I.     Background**

Rodercus Freeman ("Petitioner"), proceeding *pro se* brings this action pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) Petitioner is currently incarcerated at "FCI" Edgefield. (*Id.* at 1, 8.) He filed a petition for habeas corpus that contains two grounds for relief. In ground one, petitioner asserts he is not safe at FCI Edgefield and he is entitled to an inner regional transfer. (Dkt. No. 1 at 8.) In ground two, petitioner asserts his requests to transfer to another Bureau of Prison facility were denied. (*Id.*) Petitioner seeks a transfer so he can complete rehabilitation prior to his release. *(Id*. at 8–9.) On April 9, 2020, the Magistrate Judge issued an R & R recommending the Court dismiss the petition without prejudice and without requiring respondent to file an answer and a return. (Dkt. No. 7.)\ Petitioner has not filed objections to the R & R.

**II.     Legal Standard**

### A. Pro Se Pleadings

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). The Plaintiff has not filed objections and the R & R is reviewed for clear error.

### III. <u>Discussion</u>

After thorough review of the R & R, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that the petition should be dismissed. Civil rights claims and petitions for habeas corpus are the two primary ways in which prisoners may challenge incarceration. *Hill v. McDonough*, 547 U.S. 573, 579 (2006). To challenge the fact or duration of physical imprisonment and seek a determination that the prisoner is entitled to immediate or speedier release, the prisoner must file a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Unlawful confinement in the wrong institution may fall within the scope of § 2241 habeas relief when "a prisoner is put under additional and unconstitutional restraints during his lawful custody." *Preiser*, 411 U.S. at 499–500. The Fourth Circuit has found that habeas relief is inapplicable to conditions-of-confinement claims. *Wilborn v. Mansukhani*, 795 F. App'x 157, 163–164 (4th Cir. 2019) (unpublished per curiam opinion). Here, petitioner's assertion that he is entitled to an inner regional transfer is not cognizable in a habeas corpus action because, even if successful, it would not affect the fact or duration of his sentence. *Id.* Thus, the Magistrate Judge correctly concluded that petitioner's claim does not fall within the scope of habeas corpus. (Dkt. No. 7 at 3.)

The Magistrate Judge correctly concluded that Petitioner's assertions are also subject to dismissal on the merits. Federal prison officials have full discretion when it comes to decisions regarding inmate custody classification and placement in Bureau of Prison programs. *Meachum v. Fano*, 427 U.S. 215, 217 (1976). In addition, the petitioner does not have protected constitutional interest in being housed in a particular institutional. *Olim v. Wakinekona*, 461 U.S. 238, 249–251 (1983).

**Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 7) as the Order of the Court and **DISMISSES** the Petitioner's petition without prejudice and without requiring Respondent to file an answer and a return.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

May 1, 2020
Charleston, South Carolina

2